**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASMINE S.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6689** |
| | : | |
| **COMMISSIONER OF** | : | |
| **SOCIAL SECURITY,** | : | |
| **Defendant.** | : | |

# MEMORANDUM OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **October 5, 2026**

Jasmine S. (Plaintiff) filed this action *pro se* on behalf of her minor child S.A.M. pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner of the Social Security Administration's (SSA) decision denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). This matter is before me for disposition upon consent of the parties. For the reasons set forth below, Plaintiff's Motion and Memorandum for Remand Under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed an application for SSI on S.A.M.'s behalf on July 27, 2023, alleging disability beginning on that date. (R. 126-35). Plaintiff's application was denied at the initial level on October 23, 2023, and on reconsideration on January 30, 2024, and she requested a hearing before an Administrative Law Judge (ALJ). (R. 56-60, 62-69). The hearing occurred on October 23, 2024. (R. 22-42). Plaintiff appeared and testified at the hearing, as did S.A.M. (*Id.*). On December 5, 2024, the ALJ issued a decision denying benefits under the Act. (R. 8-

21). Plaintiff requested review of the decision, and the Appeals Council denied her request on October 7, 2025. (R. 1-5).

Plaintiff filed a Complaint in this Court on November 24, 2025. (Compl., ECF No. 1). On January 15, 2026, Plaintiff consented to my jurisdiction in this matter. (Consent, ECF No. 7). On July 23, 2026, Plaintiff filed a Motion and Memorandum for Remand Under Sentence Six of 42 U.S.C. § 405(g). (Pl.'s Br., ECF No. 14). On August 12, 2026, the Commissioner filed a response. (Resp., ECF No. 16).

While this case was pending, on April 21, 2026, Plaintiff filed another application for SSI benefits. (Not. of Disapproved Claim, ECF No. 1-1, at 1). This time S.A.M. was found to be disabled, but due to a change in parental income, the SSA determined that no benefits were payable. (*Id.* at 1-2).

## II. FACTUAL BACKGROUND

The Court has reviewed the administrative record and summarizes here the evidence relevant to the instant request for review.[1] S.A.M. was born on May 23, 2013, making her 10 years old on the date the initial application was filed. (R. 126).

After S.A.M.'s parents requested that she be evaluated for receipt of special education supports and services, (Notice of Recommended Educ. Placement, ECF No. 13, at 2), input forms were solicited from her teachers in late October and early November 2025. (IEP, ECF No. 13-1, at 10-11). They generally reported adequate to strong academic performance, except she was at risk of failing math. (*Id.* at 10-11). S.A.M. exhibited several positive behaviors, such as

[1] Because Plaintiff's claim implicates only the new records provided alongside the second application for benefits, the Court limits its evidentiary summary accordingly.

participation in class, asking appropriate questions, punctual and quality work, a positive attitude, and personability, but she also demonstrated several concerning ones, including attention-seeking, argumentativeness, defiance, raising her voice, loudly gossiping, interrupting others, and distractibility. (*Id.*). In her 2026-27 Individualized Education Program (IEP) generated on or about April 20, 2026 pursuant to an evaluation two weeks earlier, it was reported that S.A.M. had had 26 and 41 disciplinary referrals during the 2024-25 and 2025-26 school years (as of April 10, 2026), respectively. (*Id.* at 6, 12). A functional assessment conducted throughout the second half of March 2026 recorded 12 behavioral incidents. (*Id.*). S.A.M.'s problematic behaviors throughout this overall period centered on insubordination, disrespect to peers and teachers, and inappropriate language and slurs. (*Id.*).

The IEP noted that it was S.A.M.'s first, although she had a 504 plan, *see* 29 U.S.C. § 794, of unspecified date or duration in place due to generalized anxiety, attention deficit hyperactivity and oppositional defiant disorders. (*Id.* at 6). Pursuant to the IEP, Plaintiff was identified as having an emotional disturbance and offered "itinerant emotional support" for the following year, with "supplemental emotional support" considered but rejected as "too restrictive" for her needs. (*See* Not. of Recommended Educ. Placement, ECF No. 13, at 2).

According to a May 11, 2026, explanation of benefits from Plaintiff's insurance company, S.A.M. obtained unspecified "medical services" from Vanay L. Frederick-Ellis, LPC, approximately every two weeks between February 16 and April 12, 2026. (Receipts & Ins. Recs, ECF No. 12-2); *see also* https://www.specialneeds.com/directory/counseling/therapists/vanay-frederick-ellis/ (indicating Ms. Frederick-Elliss is an LPC) (last visited Sept. 29, 2026).

On May 7, 2026, prescriptions for escitalopram oxalate, 10 milligrams, and aripiprazole, 2 milligrams, were filled on behalf of S.A.M., with no refills remaining for either. (Receipts &

Ins. Recs, ECF Nos. 12, 12-5).

Also on that date, S.A.M. was admitted to Embark White Haven Residential Treatment Center (White Haven), with an estimated discharge on July 6, 2025, although this date could "change based on engagement and progress in the program." (Trmt. Ctr. Note, ECF No. 12-3). During the program, it was anticipated that S.A.M. would participate in weekly family and twice-weekly individual therapy. (*Id.*).

## III. LEGAL STANDARD

Under the Social Security Act, the SSA must apply a three-step sequential evaluation process to determine if a child under the age of 18 is disabled. 20 C.F.R. § 416.924(a). A child under 18 is eligible for SSI benefits only if: (1) he is not performing substantial gainful activity; (2) he has a medically determinable impairment or combination of impairments that is severe; and (3) the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924.

If the child's impairment does not medically meet a listing, the examiner must determine whether the impairment functionally equals a listing. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six domains of functioning or an "extreme" limitation in one of those six domains. 20 C.F.R. § 416.926(a).[2] The six domains are: (1) acquiring and using information, (2) attending and

[2] A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i).

completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## IV. ALJ'S DECISION

In his decision, the ALJ made the following findings:

1. The claimant was born on May 23, 2013. Therefore, she was a school-age child on July 27, 2023, the date [the] application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).
2. The claimant has not engaged in substantial gainful activity since July 27, 2023, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).
3. The claimant has the following severe impairments: anxiety, attention-deficit hyperactivity disorder, and oppositional defiant disorder (20 CFR 416.924(c)).
4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925, and 416.926).
5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since July 27, 2023, the date the application was filed (20 CFR 416.924(a)).

(R. 11-17). Accordingly, the ALJ found Plaintiff was not disabled. (R. 17).

## V. DISCUSSION

Plaintiff raises a single claim: the instant matter should be remanded "based upon new and material medical evidence establishing that the Social Security Administration has recently issued [a] fully favorable medical determination for the same child and the exact same disability." (Pl.'s Br., ECF No. 14, at 1).

In light of this finding of medical disability pursuant to the subsequent application, Plaintiff posits that this matter arising from the denial of the earlier application should be remanded for an award of "the retroactive benefits" from the period when the household met the income requirements for payment of SSI benefits. (*Id.*). She argues that she has met the three requirements of Sentence Six, which provides for remand when there is "new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (*Id.* at 2 (quoting 42 U.S.C. § 405(g))). First, she contends that the "new evidence" is the State agency favorable medical determination from July 6, 2026, after the closing of the administrative record for the earlier application and the ALJ's unfavorable decision. (*Id.*). Second, she submits that the evidence is "highly material" given that it purportedly involves the same medical impairments and establishes that they caused "marked and severe functional limitations." (*Id.*). Plaintiff adds that the evidence is also "chronologically relevant," inasmuch as S.A.M.'s underlying conditions are "continuous" since the period of the original application. (*Id.*). She predicts that if during the consideration of that application the ALJ had "possessed the benefit of the agency's own medical consensus," it is reasonably probable that he would have decided in her favor. (*Id.*). Third, she claims that she has good cause for not introducing the favorable medical determination in the prior administrative proceeding because it did not yet exist. (*Id.*).

The Commissioner counters that evidence submitted for the first time to the Appeals Council and this Court does not warrant remand.[3] (Resp., ECF No. 16, at 8-9). He highlights that although the administrative determination is "new," it does not relate to the relevant period or establish a reasonable probability of changing the ALJ's prior decision. (*Id.* at 8). Noting that Plaintiff failed to prove prior to the date of the decision that S.A.M. was disabled, the Commissioner cites Third Circuit precedent forbidding reviewing courts from considering evidence not presented to the ALJ. (*Id.* (citing *Matthews v. Apfel*, 239 F.3d 589, 593-95 (3d Cir. 2001))). He acknowledges that an exception exists where the claimant establishes the three Sentence Six factors set forth above, but he asserts that here Plaintiff has failed to carry her burden of showing materiality. (*Id.* at 8-9 (citing 42 U.S.C. § 405(g); *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988))). Specifically, the Commissioner maintains that it is not reasonably probable that the ALJ's decision would change on the basis of newly submitted educational records, from 16 months after the decision, showing that S.A.M. was identified as having an emotional disturbance warranting an IEP for support services after her parents asked that she be evaluated for them. (*Id.* at 9 (citing Educ. Recs., ECF No. 13, at 1-2)). In closing, the Commissioner quotes Third Circuit precedent holding that "an implicit materiality requirement is that the new evidence related to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." (*Id.* (quoting *Szubak v. Sec'y of Health*

[3] He also broadly asserts: "The ALJ's decision is consistent with the statutory and regulatory scheme for evaluating [a] child's SSI claims; Plaintiff has not proven disability pursuant to the Act and regulations." (Resp., ECF No. 16, at 4). However, because the Court agrees with the Commissioner that Plaintiff's proffered basis for upsetting the ALJ's decision—the recent favorable medical determination and/or the evidence undergirding it—I do not revisit the merits of his original findings.

*& Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984))).

As both parties point out, a plaintiff seeking a remand under Sentence Six of § 405(g) must make three showings: "(1) the evidence is new; (2) the evidence is material; and (3) and there is good cause for why the claimant did not present the evidence to the ALJ." *Byers v. Bisignano*, No. 1:25-cv-00520, 2026 WL 267454, at *2 (M.D. Pa. Feb. 2, 2026) (citing *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001)). Initially, insofar as Plaintiff posits that the July 6, 2026, State agency favorable medical determination constitutes new evidence, she is incorrect. *See Hunter v. Comm'r of Soc. Sec. Admin.*, 808 F.3d 818, 822 (11th Cir. 2015) (explaining that subsequent favorable findings "do[ ] not undermine the validity of an[ ] ALJ's earlier unfavorable decision or the factfindings upon which it was premised"); *see also Reeves v. Comm'r, Soc. Sec. Admin.*, 817 F. App'x 898, 901 (11th Cir. 2020) ("We have said that a later favorable ALJ decision constitutes no new and material evidence warranting a sentence-six remand.") (citing *Hunter*, 808 F.3d at 822); *see also Szubak*, 745 F.2d at 834 ("[C]laimants should generally be afforded only one fair opportunity to demonstrate eligibility for benefits under any one set of circumstances.").

But even to the extent that Plaintiff puts forth the records underlying that determination as new evidence, she has not demonstrated its materiality. "This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination." *Moe v. Dudek*, No. 20-1468, 2025 WL 964013, at *1 n.3 (W.D. Pa. Mar. 31, 2025). And as the Commissioner observes, materiality implicitly requires that the evidence pertains to the period under consideration for the payment of benefits, as opposed to a later deterioration of the claimant's condition. *Id.* (quoting *Szubak*, 745 F.2d at 833; citing *Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31,

2012)). Here, however, the new evidence—receipts and insurance statements for medication and services obtained in the spring of 2026, an undated note from the director of S.A.M.'s residential treatment program indicating she would attend between May and July 2026, and her 2026-27 school year IEP and related notice regarding the recommended placement—relate almost exclusively[4] to the period after the ALJ handed down his decision in 2024. (*See* Receipts & Ins. Recs, ECF Nos. 12, 12-1, 12-2, 12-4, 12-5; Trmt. Ctr. Note, ECF No. 12-3; Not. of Recommended Educ. Placement, ECF No. 13; IEP, ECF No. 13-1).

Nonetheless, Plaintiff declares that these records are "chronologically relevant" because the underlying impairments they reflect "are continuous and traced directly back" to the period covered by the earlier application. (Pl.'s Br., ECF No. 14, at 2). *Cf. Moe*, 2025 WL 964013, at *1 n.3 ("Plaintiff acknowledges that much of the evidence submitted to the Appeals Council came into existence after the ALJ's decision but argues that it all pertains to conditions that were present before . . . ."). But as stated in *Moe*, they are still "not enough to support a sentence six remand based on new evidence. The records submitted by Plaintiff may relate to conditions that existed during the relevant time period, but none are probative as to [the] functional limitations during that period." *See id.* ("The issue is . . . what functional limitations the conditions caused ***at that time***.") (citing *Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006)) (emphasis in original). Instead, they merely show that: insurance covered unspecified "medical services" received by S.A.M. in February, March and April 2026; after her parents requested that the

[4] The IEP referenced 26 discipline referrals "coded as teacher referrals, disrespect to peers, and bus misconduct" over the course of the 2024-25 school year, (IEP, ECF No. 13-1, at 12), a few months of which would have preceded the ALJ's December 5, 2024, decision. But any further information about them, such as the dates on which they occurred and their severity, is unknown. In any event, the existence of some disciplinary incidents occurring during the relevant period does not convince this Court that remand is warranted. *Moe*, 2025 WL 964013, at *1 n.3

school district consider her for special education services, she was evaluated on April 7, 2026, identified as having an emotional disturbance, and offered "itinerant" services for a one-year period as set forth in her IEP, based, *inter alia*, on her disciplinary record over the prior two school years, her teachers' reports of her behavior during the first two months of the 2025-26 school year, and a functional assessment completed shortly before the issuance of the IEP; certain prescription medications were purchased for her on May 7, 2026; and on that date she was also admitted to White Haven, where she was to attend individual and family therapy and participate in "experiential activities" until her estimated July 6, 2026, discharge. (*See* Receipts & Ins. Recs, ECF Nos. 12, 12-1, 12-2, 12-4, 12-5; Trmt. Ctr. Note, ECF No. 12-3; Not. of Recommended Educ. Placement, ECF No. 13; IEP, ECF No. 13-1).

None of this evidence meaningfully elucidates Plaintiff's functioning prior to the December 5, 2025, ALJ decision. *See Moe*, 2025 WL 964013, at *1 n.3. "As such, there is not a reasonable possibility that the evidence would have changed the outcome of the ALJ's determination," *see Moe*, 2025 WL 964013, at *1 n.3, and this Court therefore denies Plaintiff's request to remand this matter on the proffered basis.

## VI. CONCLUSION

For the reasons set forth above, Plaintiff's Motion and Memorandum for Remand Under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge